IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM P. McDANNOLD, et al.,       :

    Plaintiff,       :

    vs.       :

STAR BANK, N.A., et al.,,       :

    Defendants.       :

Case No. C-1-94-002

CHIEF JUDGE WALTER HERBERT RICE

---

ENTRY CONDITIONALLY SUSTAINING JOINT MOTION FOR
APPROVAL OF SETTLEMENT (DOC. #175); DECISION AND ENTRY
OVERRULING MOTION TO COMPEL DISCOVERY OF DEFENDANT
STAR BANK (DOC. #174)

---

This litigation arises out of the leveraged buyout of the shares of stock of Electro-Jet Tool & Manufacturing Company, Inc. ("Electro-Jet"). Since the Court has previously set forth the facts and circumstances giving rise to this litigation, it need only recite those circumstances that are essential to an understanding of the issues resolved herein. In 1987, Defendant John Enders ("Enders"), who was then the beneficial owner of approximately 83% of the shares of Electro-Jet's stock, decided to sell his interest in that company. That decision ultimately led to the transformation of Electro-Jet's then existing profit sharing plan into an employee stock ownership plan ("ESOP"), which would the purchase Enders' stock. Defendant William Kirkham ("Kirkham") and his law firm, Defendant Lindhorst & Dreidame ("L&D"), were retained to represent the ESOP, and

Defendant Gradison & Company ("Gradison") was retained to conduct the required appraisal. Financing for the transaction was supplied by Defendant Star Bank ("Star").

In their Amended Complaint, the Plaintiffs, who are participants in the ESOP, with one of their number a current Trustee (Frank Gollings), set forth claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against Star, Enders, L&D, Kirkham and others. In addition, the Plaintiffs set forth state law claims against L&D, Kirkham and Gradison.

On May 2, 1997, the Plaintiffs, L&D, Kirkham and Gradison ("Proponents") filed a joint motion requesting that the Court approve the settlements into which they had entered. See Doc. #175. That motion has been opposed by Defendants Enders and Star and Third-Party Defendants Simons and Graydon, Head & Ritchey ("Opponents"). See Doc. #180. Since the Plaintiffs brought this action as a derivative action, on behalf of themselves and all participants in the ESOP, they seek to have the settlements approved in accordance with Rule 23.1 of the Federal Rules of Civil Procedure. The procedures, which are applicable to the settlement of a class action under Rule 23(e), must also be applied when a court is asked to approve the settlement of a derivative action under Rule 23.1. See 7C Wright, Miller & Kane, Federal Practice and Procedure § 1839. The Sixth Circuit has held that a District Court must initially decide whether to give preliminary approval to a settlement. Williams v. Vukovich, 720 F.2d 909, 920-21 (6th Cir. 1983). Whether to grant such preliminarily approval depends upon whether the parties reached their compromise as a result of arms length negotiations, as opposed to collusion. Id. at 921. A court must base that determination upon its familiarity with the status of the case and the issues. Id. Herein, this Court finds that the Plaintiffs reached their settlements with Gradison and Kirkham and L&D as a result of arms length negotiation, as opposed to collusion. As a result of those

settlements, the Plaintiffs will obtain $1.75 million from these Defendants. Accordingly, the Court grants its preliminary approval to the settlements and, therefore, conditionally sustains the Proponents' Joint Motion for Approval of Settlement (Doc. #175). This preliminary approval is conditioned upon the Court finding, after notice to those affected and a fairness hearing,[1] that the settlements are fair, reasonable and adequate.

Star's Motion to Compel Discovery (Doc. #174) is also pending. Therein, Star requests that the Court order Enders to answer interrogatories and to respond to requests for production of documents, which relate to Enders' disposition of the proceeds he received from the sale of his stock. Although he has provided some such information, Star argues that his responses are not complete. The Court overrules Star's Motion to Compel Discovery (Doc. #174). Simply stated, this Court agrees with Enders that Star is attempting to conduct an impermissible pre-judgment, debtor's examination, rather than seeking information that is either relevant or calculated to lead to the discovery of admissible evidence on the merits of the litigation. See e.g., Rupe v. Fourman, 532 F.Supp. 344, 350-51 (S.D.Ohio 1981); Ranney-Brown Distributors v. E. T. Barwick Industries, Inc., 75 F.R.D. 3, 5 (S.D.Ohio 1977). In the event that Star prevails on its Cross-claim against Enders, it may, if necessary, obtain the requested information in a post-judgment debtor's examination.

_____
WALTER HERBERT RICE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] By separate entry, this Court has scheduled a telephone conference call for the purpose of selecting a date for that fairness hearing. See Doc. #218.

Copies to:

All counsel of record