## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into this 25th day of February, 2004 by and among William P. McDannold, Steven M. Franzen, the estate of Paul A. Ross, Nancy L. Mertes, Anthony R. Stidham, Lisa L. Stahl, Robert M. Von Bargen, Glen Lievestro, Luellen Flinders, Dave J. Bleser, Robert W. Patten, Steven W. Miller, the estate of Rayford Randall, John T. Knuehl, Paul D. Hansel, Beckham W. Fields, David J. Corsmeier, Steven M. Huitger, Robert T. Hardwick, William R. Byrd, Dennis P. McCloskey, Timothy W. Campbell, Charles D. Campbell, Don Vernon Flint, Don Belcher, Tommy Luketich, Craig T. Doyle, Charles C. Antoloci, Donna J. Bush, William J. Byrd, Timothy M. Long, Steve Mefford, Robert O. Pierce, Edward J. Von Bargen, Louis John Zinnecker, Richard L. Ferrell, Carolyn Potzick, James M. Long, Glennis Lawson, Julie Sunderman, Darrin R. Lawson, Steven E. Horton, Gary R. Hughes and the estate of Donald Fields (the foregoing persons collectively referred to herein as the "Plaintiff Participants"), and Frank J. Gollings, in his capacity as Trustee of the Electro-Jet Tool & Mfg. Co., Inc. Employee Stock Ownership Plan (the "Plaintiff Trustee"), and William N. Kirkham ("Kirkham"), and Lindhorst & Dreidame Co., L.P.A. ("Lindhorst & Dreidame"), and Gradison & Company, Inc. ("Gradison"), and U.S. Bank National Association (as successor in interest to Star Bank, N.A.) ("Star Bank"), and John Endres ("Endres"), and Joyce Richter, as Successor-Trustee under a Trust Agreement with John Endres dated September 24, 1985 ("Richter"), and Thomas A. Simons, Jr. ("Simons"), and Graydon Head & Ritchey, n/k/a Graydon Head & Ritchey LLP ("Graydon Head"), and Robert Gerding, as Trustee of Laura Gerding's Revocable Trust Agreement ("Gerding"), and Paul Weber ("Weber").  The Plaintiff Participants and the Plaintiff Trustee are collectively referred to below as the "Settling Plaintiffs."  Kirkham, Lindhorst & Dreidame, Gradison, Star Bank, Endres, Richter, Simons,

Graydon Head, Gerding and Weber are collectively referred to below as the "Settling Defendants/Third- Party Defendants."

## RECITALS

WHEREAS, the Plaintiff Participants are former employees of the Electro-Jet Tool & Mfg. Co., Inc. ("Electro-Jet") and are participants or beneficiaries in the Electro-Jet Tool & Mfg. Co., Inc. Employee Stock Ownership Plan (the "Plan"). Weber and Laura Gerding are also participants in the Plan;

WHEREAS, the Plaintiff Trustee is the current Trustee of the Plan;

WHEREAS, on January 29, 1988, a certain transaction (the "ESOP Transaction") occurred under which the Plan acquired 82.49% of the stock of Electro-Jet for $12,538,953.69. As part of the ESOP Transaction, Star Bank made a certain $10.2 million non-recourse loan to the Plan (the "ESOP Loan"), which loan was guaranteed by Electro-Jet;

WHEREAS, on January 3, 1994, the Plaintiff Participants filed suit, individually and derivatively on behalf of the Plan pursuant to Federal Rule 23.1, against certain Defendants ultimately including William N. Kirkham, Lindhorst & Dreidame, Gradison, Star Bank, Endres, Richter, Weber, Laura Gerding, and William Hare ("Hare") in the United States District Court for the Southern District of Ohio, Western Division, in an action styled as <u>William P. McDannold, et al. v. Star Bank, N.A., et al.</u>, Case No. C-1-94-002 (the "Lawsuit");

WHEREAS, subsequent to the filing of the Lawsuit by the Plaintiff Participants, the Plaintiff Trustee intervened as a plaintiff in the Lawsuit;

WHEREAS, on October 18, 1996, the Settling Plaintiffs filed a Verified Second Amended Complaint in the Lawsuit which asserted claims against Kirkham, Lindhorst &

2

Dreidame, Gradison, Star Bank, Endres, Richter, Weber, Laura Gerding, and Hare arising out of and relating to the ESOP Transaction;

WHEREAS, on November 1, 1996, Star Bank filed a counterclaim against the Plaintiff Trustee and a cross-claim against Endres and Richter, both of which arising out of and relating to the ESOP Transaction and the ESOP Loan;

WHEREAS, on November 8, 1996, Endres and Richter, as third-party plaintiffs, filed a third-party complaint against Simons and Graydon Head, as third-party defendants, arising out of and relating to the ESOP Transaction;

WHEREAS, each of the Settling Defendants/Third-Party Defendants and the Plaintiff Trustee has filed answers in the Lawsuit denying liability on the claims asserted against them;

WHEREAS, on January 20, 2004, Laura Gerding died. The Trustee of Laura Gerding's Revocable Trust Agreement, Robert Gerding, is thus authorized to enter into this Agreement as Laura Gerding's legal successor in interest concerning the Lawsuit and her interest in the Plan;

WHEREAS, based on the uncertainty and expense involved in litigation, and without any party admitting liability or wrongdoing of any kind, the parties hereto desire to settle the claims asserted in the Lawsuit, on the terms and conditions set forth below;

**NOW THEREFORE**, in consideration of the foregoing and of the other provisions of this agreement which constitute adequate consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, **IT IS HEREBY STIPULATED AND AGREED** that the Lawsuit shall be compromised and settled, subject to Court approval, on the terms and conditions set forth below.

## <u>TERMS AND CONDITIONS</u>

1.     **<u>Court Approval.</u>**  This Agreement requires both preliminary and final Court

approval in the Lawsuit:

A.     **<u>Preliminary Approval.</u>**  On or before February 26, 2004, the parties

hereto shall join in a request to the Court for the entry of a Preliminary Approval Order pursuant

to Rule 23.1 of the Federal Rules of Civil Procedure, which order shall be in substantially the

same form as the attached Exhibit A, that will:

(1)     Find preliminarily that this Agreement, and all of its provisions,

are fair, reasonable and adequate to the Plan and its participants,

including the Plaintiff Participants and those Plan participants and

beneficiaries who did not directly join in the Lawsuit as parties

(the "Non-Plaintiff Plan Participants");

(2)     Find preliminarily that the Plaintiff Participants, the Plaintiff

Trustee and their current counsel of record have fairly and

adequately represented the interests of the Plan and all of its

participants in the Lawsuit and in connection with the settlement

embodied in this Agreement;

(3)     Approve the Notice of Proposed Settlement and Hearing thereon

(the "Notice") to be provided (at the Settling Plaintiffs' sole

expense) to the Non-Plaintiff Plan Participants and to Casner &

Edwards (prior co-counsel to the Settling Plaintiffs in the Lawsuit),

in substantially the form attached as Exhibit B, the manner of

serving the Notice, and the date by which the Settling Plaintiffs'

counsel shall serve the Notice on the Non-Plaintiff Plan

Participants and Casner & Edwards; and

(4)     Set a date for the hearing on the parties' application for a Final

Approval Order and Judgment of Partial Dismissal, and a deadline

for the filing of objections.

B.      **Final Approval.**  The parties to this Agreement agree to request jointly

that the Court schedule a final approval hearing within thirty (30) days after the entry of the

Preliminary Approval Order.  Prior to the Final Approval hearing, the parties hereto will jointly

apply to the Court for a Final Approval Order and Judgment of Partial Dismissal, which order

shall be in substantially the same form as the attached Exhibit C, that will:

(1)     Find that this Agreement, and all of its provisions, are fair,

reasonable and adequate to the Plan and all of its participants, and

find that the Settling Plaintiffs and the Settling Defendants/Third-

Party Defendants shall be bound by their obligations under this

Agreement, and conclude that this Agreement should be, and is,

approved;

(2)     Find that the Plaintiff Participants, the Plaintiff Trustee and their

current counsel of record have fairly and adequately represented

the interests of the Plan and all of its participants in this matter and

in its resolution;

(3)     Dismiss, with prejudice, all claims asserted by the Settling

Plaintiffs and/or by the Settling Defendants/Third-Party

Defendants in the Lawsuit (except for the Settling Plaintiffs'

5

pending claim against Defendant Hare), provide that each of the

parties to this Agreement shall bear their own costs, expenses and

attorneys' fees, and provide that the Settling Plaintiffs, Non-

Plaintiff Plan Participants, and the Settling Defendants/Third-Party

Defendants, and each of the foregoing, are permanently enjoined

from prosecuting any claims within the scope of the release set

forth in Paragraph 5 of this Agreement;

(4)     Find, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, that the Final Approval Order and Judgment of Partial

Dismissal is a final judgment, subject to immediate appeal; and

(5)     Retain jurisdiction of all matters relating to the modification,

interpretation, administration, implementation, effectuation and

enforcement of this Agreement.

C.     **Event of Non-Approval.**  In the event that the Court denies preliminary

or final approval of this Agreement, or holds that it will not enter 1) the Preliminary Approval

Order in substantially the same form as Exhibit A to this Agreement, or 2) the Final Approval

Order and Judgment of Partial Dismissal in substantially the same form as Exhibit C to this

Agreement, or if the Final Approval Order and Judgment of Dismissal is reversed, modified in

any respect or vacated on appeal, then this Agreement shall, at the election of any of the parties

to this Agreement, become null and void as to all parties and the Lawsuit will continue.

•     2.     **Payment.**  The Settling Defendants/Third-Party Defendants shall make cash

payments (the "Settlement Payments") to the Plan in the total amount of **FOURTEEN**

**MILLION THREE HUNDRED THIRY-FOUR THOUSAND AND SEVENTY DOLLARS**

**($14,334,070)** (the "Settlement Total"), in the respective amounts as set forth in paragraph 2 of the interim memorandum of settlement executed by the Settling Plaintiffs and the Settling Defendants/Third-Party Defendants at the conclusion of a Court-ordered mediation session in Dayton, Ohio on February 16, 2004, which paragraph is hereby incorporated by reference.

3. **Escrowing of Settlement Payments.** The Settlement Payments set forth in Paragraph 2 of this Agreement shall be made into one or more Court-approved interest bearing escrow accounts no later than ten (10) business days after the execution of this Agreement. The terms of the escrow accounts shall require wire transfer payment of the accounts (including all accrued interest) to an account designated by the Plan 1) no later than ten (10) business days after the expiration of the time for appeal following the entry of the Final Approval Order and Judgment of Partial Dismissal, or 2) in the event that an appeal is taken and the entry of the Final Approval Order and Judgment of Partial Dismissal is affirmed on appeal, within ten (10) days of the entry of the appellate court ruling affirming the Final Approval Order and Judgment of Partial Dismissal. The terms of the escrow accounts shall require payment of the accounts (including interest) to the respective Settling Defendants/Third-Party Defendants in the event that the Court refuses to enter either the Preliminary Approval Order or the Final Approval Order and Judgment of Partial Dismissal, or if the Final Approval Order is reversed or vacated in any respect on appeal and this Agreement is terminated pursuant to Paragraph 1(C) above. Counsel for the Settling Plaintiffs shall provide counsel for the Settling Defendants/Third-Party Defendants the tax identification number for the account to which the Settlement Payments are to be wire transferred at least seven (7) days prior to the funding date.

4. **Several Payment Obligations.** Each of the Settling Defendants/Third-Party Defendants shall be responsible only for payment of his/her or its stated share of the Settlement

Payments, in the amounts set forth in paragraph 2 of the interim memorandum of settlement executed by the Settling Plaintiffs and the Settling Defendants/Third-Party Defendants at the conclusion of a Court-ordered mediation session in Dayton, Ohio on February 16, 2004, which paragraph is hereby incorporated by reference.

5. **Mutual Releases.** The Participating Plaintiffs, the Trustee Plaintiff, Kirkham, Lindhorst & Dreidame, Gradison, Star Bank, Endres, Richter, Simons, Graydon Head, Weber, and Gerding, for themselves and their heirs, legal successors, assigns and predecessor and successor entities, hereby mutually release, acquit and forever discharge each other, and all of their past and present officers, directors, agents, attorneys, employees, shareholders, successors, predecessors, assignees, parents, subsidiaries, affiliates, sister corporations, heirs, beneficiaries, contractors and insurers, from and against all claims, demands, damages, liabilities, losses, expenses and causes of action of any kind or nature whatsoever, whether known or unknown, foreseen or unforeseen, which relate, directly or indirectly, to Electro-Jet, the ESOP Transaction, the ESOP Loan, the Plan, any promissory notes and/or guarantees signed by Paul Weber, the Lawsuit, or from the facts and circumstances involved in the Lawsuit or which were or could have been asserted therein.  This release provision shall not, however, limit or impair in any way the Settling Plaintiffs' right to further prosecute its claims in the Lawsuit against Hare.

6. **Settlement Payments by Weber and Gerding.** Weber agrees to pay the Plan in settlement an amount equal to his entire account balance in the Plan as of February 25, 2004. Such payment shall be made by offsetting the entire balance of Weber's account in the Plan as of February 25, 2004 against the payment amount, as provided for in Internal Revenue Code Section 401(a)(13)(C). Gerding agrees to pay the Plan in settlement an amount equal to her entire account balance in the Plan as of February 25, 2004. Such payment shall be made by

offsetting the entire balance of Gerding's account in the Plan as of February 25, 2004 against the payment amount, as provided for in Internal Revenue Code Section 401(a)(13)(C). The Final Approval Order and Judgment of Partial Dismissal shall specifically approve the Weber and Gerding settlements, including the payment of same being offset by their respective account balances. Upon the entry of the Final Approval Order and Judgment of Partial Dismissal, Weber and Gerding shall be considered as having received a distribution of their entire account balances in the Plan as of February 25, 2004, and as such their Plan accounts shall not have the right to share in future allocations of income/expenses of the Plan, including any allocation of the proceeds of this settlement or any future settlements.

7.     **The ESOP Loan.**  Star Bank agrees to waive any claim against any party to the Lawsuit, the Plan, and any participant in the Plan to recover the unpaid balance of the ESOP Loan, and further covenants not to initiate litigation against any person or entity, including Electro-Jet, to collect said unpaid balance.

8.     **Waiver of Appeal.**  The parties to this Agreement waive any right to appeal from any of the orders entered in the Lawsuit, including the Preliminary Approval Order or the Final Approval Order and Judgment of Partial Dismissal to be entered by the Court.

9.     **Distribution of Settlement Proceeds.**  Upon receipt of the Settlement Total, the Plan shall first reimburse (as determined by the Plaintiff Trustee) all litigation expenses incurred by the Plaintiff Participants, the Trustee Plaintiff and their counsel.  The Plan shall then pay an amount equal to one-third of the remaining balance minus amounts paid for legal fees to Varga Berger Ledsky Hayes & Casey (or such lesser sum as shall be agreed to by the Plaintiff Trustee, the Plaintiff Participants and Plaintiffs' counsel) to the Settling Plaintiffs' counsel in attorneys' fees pursuant to an existing contingency fee agreement.  The balance of the Settlement Total

remaining after reimbursement of litigation expenses and payment of attorneys' fees shall then be allocated to Plan participants pursuant to the methodology specified on the attached Exhibit D hereto. The Settling Defendants/Third-Party Defendants agree not to object to the distribution of settlement proceeds by the Plan as specified in this Paragraph 9 and Exhibit D, or to the amount of attorneys' fees to be paid to the Settling Plaintiffs' counsel.

10. **Default of Hare.** The Settling Defendants/Third-Party Defendants agree that at or before the preliminary approval hearing they shall withdraw their objections to the Settling Plaintiffs' Motion for a Default Judgment Against Defendant William Hare, subject to the inclusion in the default order of an order that bars Hare from asserting any claims against the Settling Plaintiffs and the Settling Defendants/ Third-Party Defendants which arise from or relate in any way to the Lawsuit. The parties hereto agree that the Final Approval Order and Judgment of Partial Dismissal shall contain a finding under Federal Rule 54(b), such that any continued litigation against Hare shall not effect the finalization of the settlement embodied in this Agreement, nor delay the Settling Defendants/Third-Party Defendants' payment obligations pursuant to Paragraph 2 and 3 of this Agreement.

11. **Choice of Law.** This Agreement shall be governed by and interpreted according to the laws of the State of Ohio.

12. **Entire Agreement.** This Agreement represents the complete and entire agreement between the parties and there are no terms, representations, agreements, understandings or covenants, oral or otherwise, that are not incorporated into this Agreement. Except to establish the amount of each of the Settling Defendants/Third-Party Defendants' payments, the parties hereto agree that this Agreement replaces and supersedes in its entirety the interim memorandum of settlement executed by the Settling Plaintiffs and certain of the Settling

Defendants/Third-Party Defendants at the conclusion of a Court-ordered mediation session in Dayton, Ohio on February 16, 2004.

13.     **Capacity and Authority.**  Each of the parties entering into this Agreement represents that he/she or it has the capacity and authority to do so, and that no third party has any rights which could affect the validity or legality of this Agreement.

14.     **Terms of Agreement Negotiated.**  This Agreement has been negotiated and drafted by all parties and their representatives.  The parties to this Agreement represent and warrant that they have read and understand this Agreement and have consulted with their respective counsel concerning its legal effect.  No rule of construction shall apply to this Agreement construing its provisions in favor of or against any party.

15.     **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16.     **Facsimile Signatures.**  Any party may initially provide his, her or its signature page of this Agreement by facsimile to all other parties, but shall provide seven (7) original (non-facsimile) signature pages within seven (7) days thereafter.

17.     **Attorneys' Fees for Breach.**  In the event of any action for breach of obligations established by this Agreement, the prevailing party shall be entitled to recover his/her or its costs, expenses and attorneys' fees reasonably incurred in connection with such action, including any costs, expenses and attorneys' fees in any related appellate proceeding.

18.     **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by all parties to this Agreement.

19.     **Incorporation of Recitals.**  The recital provisions set forth at the beginning of this Agreement are expressly incorporated into and as terms and conditions of this Agreement.

**IN WITNESS WHEREOF**, the parties have read and understood the terms and conditions of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement effective this 25th day of February, 2004.

_____

**WILLIAM N. KIRKHAM**

**LINDHORST & DREIDAME CO., LPA**

By: _____
        An Authorized Representative

_____
        (Print Name and Title)

**GRADISON & COMPANY, INC.**


By: _____
      An Authorized Representative


    _____
      (Print Name and Title)

**U.S. BANK NATIONAL ASSOCIATION (as successor in interest to Star Bank, N.A.)**

By: _____

      An Authorized Representative

_____

      (Print Name and Title)

_____

**JOHN ENDRES**


_____

**JOYCE RICHTER**, as successor
Trustee under a Trust Agreement
with John Endres dated
September 24, 1985

_____
**THOMAS A. SIMONS, JR.**


**GRAYDON HEAD & RITCHEY,**
**n/k/a Graydon Head & Ritchey LLP**

By: _____
      An Authorized Representative

_____
      (Print Name and Title)

_____
**FRANK J. GOLLINGS**, as Trustee
of the Electro-Jet Tool & Mfg. Co.,
Inc. Employee Stock Ownership Plan

_____          _____
**WILLIAM P. MCDANNOLD**                   **STEVEN M. FRANZEN**

**THE ESTATE OF PAUL A. ROSS**             _____
                                           **NANCY L. MERTES**

By: _____
      Authorized Representative

_____
    (Print Name)

_____          _____
**ANTHONY R. STIDHAM**                     **LISA L. STAHL**

_____          _____
**ROBERT M. VON BARGEN**                   **GLEN LIEVESTRO**

_____          _____
**LUELLEN FLINDERS**                       **DAVE J. BLESER**

_____          _____
**ROBERT W. PATTEN**                       **STEVEN W. MILLER**

**THE ESTATE OF RAYFORD
RANDALL**

By: _____
      Authorized Representative

_____
      (Print Name)

_____
**JOHN T. KNUEHL**

_____
**PAUL D. HANSEL**

_____
**BECKHAM W. FIELDS**

_____
**DAVID J. CORSMEIER**

_____
**STEVEN M. HUITGER**

_____
**ROBERT T. HARDWICK**

_____
**WILLIAM R. BYRD**

_____
**DENNIS P. MCCLOSKEY**

_____
**TIMOTHY W. CAMPBELL**

_____
**CHARLES D. CAMPBELL**

_____
**DON VERNON FLINT**

_____
**DON BELCHER**

_____
**TOMMY LUKETICH**

_____
CRAIG T. DOYLE

_____
CHARLES C. ANTOLOCI

_____
DONNA J. BUSH

_____
WILLIAM J. BYRD

_____
TIMOTHY M. LONG

_____
STEVE MEFFORD

_____
ROBERT O. PIERCE

_____
EDWARD J. VON BARGEN

_____
LOUIS JOHN ZINNECKER

_____
RICHARD L. FERRELL

_____
CAROLYN POTZICK

_____
JAMES M. LONG

_____
GLENNIS LAWSON

_____
JULIE SUNDERMAN

_____          _____
**DARRIN R. LAWSON**                      **STEVEN E. HORTON**




_____          **THE ESTATE OF DONALD**
**GARY R. HUGHES**                        **FIELDS**

                                          By: _____
                                               Authorized Representative

                                          _____
                                               (Print Name)

_____
**PAUL WEBER**

_____

**ROBERT GERDING,**
**as Trustee of Laura Gerding's**
**Revocable Trust Agreement**