# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**William P. McDannold, et al.,**

**Plaintiffs,**

**v.**                                                         **Case No.  C-1-94-002**
                                                               **Judge Thomas M. Rose**

**Star Bank N.A., et al.,**

**Defendants.**

---

**FINAL APPROVAL ORDER AND JUDGMENT OF PARTIAL DISMISSAL GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL.**  (DOC. 569).

---

In the Preliminary Approval Order dated February 26, 2004, this Court scheduled a Final Approval Hearing for March 25, 2004 at 9:00 a.m. to determine whether: (a) the proposed settlement on the terms and conditions set forth in the Settlement Agreement dated February 25, 2004 (the "Settlement Agreement") is fair, reasonable and adequate, and (b) final judgment (in the form of the Order attached to the Settlement Agreement as Exhibit C) should be entered. The Court also ordered that the Settlement Notice (Exhibit B to the Settlement Agreement) be served upon Non- Plaintiff Plan Participants and Casner & Edwards in the manner described in the Preliminary Approval Order.

The Final Approval Hearing on the Agreement was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed settlement.

**NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:**

1. The proposed settlement of the claims by and between the Settling Plaintiffs and the Settling Defendants/Third-Party Defendants (as those terms are defined in the Settlement Agreement) on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, adequate, in the best interests of the Plan and its participants, and is hereby approved;

2. The Plaintiff Participants, the Plaintiff Trustee and their current counsel of record have fairly and adequately represented the interests of the Plan and all of its participants in this lawsuit and in its resolution. The Court also finds that the settlement embodied in the Settlement Agreement constitutes a good faith compromise of disputed claims, and that the Settlement Agreement is the product of arms-length bargaining;

3. The settling parties, and each of them, are bound by their obligations under the Settlement Agreement. The Settlement Agreement shall be consummated in accordance with the terms and provisions of the Settlement Agreement. The parties are directed to carry out their obligations under the Settlement Agreement;

4. Weber is ordered to pay to the Plan an amount equal to his account balance in the Plan as of February 25, 2004. This payment is to be made by offsetting the account balance as of February 25, 2004 of Weber in the Plan against the amount due to the Plan, as provided for in Internal Revenue Code Section 401(a)(13)(C). Gerding is ordered to pay to the Plan an amount equal to her account balance in the Plan as of February 25,

2004. This payment is to be made by offsetting the account balance as of February 25, 2004 of Gerding in the Plan against the amount due to the Plan, as provided for in Internal Revenue Code Section 401(a)(13)(C). Gerding and Weber shall be considered distributed former participants as of February 25, 2004 and their accounts not eligible to participate in the allocation of any future income/expense of the Plan, including the proceeds of this settlement and any future settlement.

5. The Notice of Proposed Settlement and Hearing Thereon served on Non-Plaintiff Plan Participants following entry of the Preliminary Approval Order constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Fed R. Civ. P. 23.1;

6. The Settling Plaintiffs, Non-Plaintiff Plan Participants and the Settling Defendants/Third-Party Defendants are permanently enjoined from continuing to prosecute claims within the scope of the release set forth in Paragraph 5 of the Settlement Agreement;

7. All of the claims asserted in this lawsuit by the Settling Plaintiffs (See, Doc. 149), except for the Settling Plaintiffs' claims against William Hare, are dismissed with prejudice. Defendant Star Bank's counterclaim against the Plaintiffs (Doc. 152) and Star Bank's cross-claim against Defendants Endres and Richter (Doc. 152) are dismissed with prejudice. Defendants Endres and Richter's third party claims against Third-Party Defendants Simons and Graydon Head & Ritchey (Doc. 159) are dismissed with prejudice. All of the Settling Parties shall bear their own costs, expenses and attorneys' fees incurred in this action. As a result of the above

dismissals, the only claims remaining in this case are Plaintiffs' claims against

Defendant Hare;

8. Nothing in the Settlement Agreement, nor in this Order, constitutes an admission or

finding of liability, nor of the merits of any of the claims or defenses asserted by any

party. The Settling Defendants/Third-Party Defendants continue to deny liability.

9. The Court approves the payment of attorneys' fees by the Plan to Plaintiffs' counsel out

of the settlement proceeds as follows: $2,367,533 to Judith Boyers Gee, $975,000

to Casner & Edwards, $69,650 to Ogletree Deakins Nash Smoak & Stewart, and

$9,550 to John Jay Fossett. The Court approves the payment/reimbursement by the

Plan of litigation expenses in the approximate total amount referenced in the

Affidavit of Frank J. Gollings filed with the Court. The Court also approves the

Plan's distribution methodology summarized in the Settlement Agreement. The

Settling Defendants/Third-Party Defendants shall have no responsibility or liability

for administration of the settlement proceeds after they are paid to the Plan, nor for

the Plan's distribution methodology approved by the Court.

10. Pursuant to Fed. R. Civ. P. 54(b), this Court finds that this is a final judgment, subject to

immediate appeal, and that there is no just reason to delay the entry of this final

judgment; and

11. This Court retains jurisdiction over all matters relating to the modification,

interpretation, administration, implementation, effectuation and enforcement of this

Agreement.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, March 25, 2004.


s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel for Parties