**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM P. McDANNOLD, et al.,** | ) | **Case No. C-1-94-0002** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge Thomas M. Rose** |
| **v.** | ) | |
| | ) | **Magistrate Judge Michael Merz** |
| **STAR BANK, N.A., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENTRY AND ORDER GRANTING PLAINTIFFS' APPLICATION FOR
ENTRYOF DEFAULT JUDGMENT AGAINST DEFENDANT WILLIAM HARE
(DOC. 574) AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT HARE**

On March 25, 2004, this Court issued an entry (Doc. 570) granting Plaintiffs' motion for the entry of a default order against Defendant Hare and directing the Clerk to enter a default against Hare. As directed, the Clerk then entered a default against Hare. (Doc. 573) Plaintiffs have now filed an application (Doc. 574) under Federal Rule 55(b)(2) for a default judgment against William Hare in the amount of $452.01 -- Hare's account balance in the Electro-Jet Tool & Mfg. Co., Inc. Employee Stock Ownership Plan (the "Plan") as of February 25, 2004 -- and further requesting an order that the Plan may satisfy this judgment by offsetting Hare's Plan account balance, as provided for in Internal Revenue Code Section 401(a)(13)(C). After carefully reviewing Plaintiffs' application, including the supporting affidavit submitted with the application, the Court finds and orders as follows:

1.    Plaintiffs' Application for Entry of Default Judgment against Defendant William Hare (Doc. 574) is **GRANTED**. Given that Hare has disappeared without providing the Clerk with a valid address at which notices can be served on him, and that his current whereabouts are

otherwise unknown, Plaintiffs are excused from the service of notice requirement of Federal Rule 55(b)(2).  See, Florida Physician's Insur. Co., Inc. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993)(Rule 55(b) notice and service requirement excused when defaulting party has "made himself impossible to contact").

  2. Judgment by default is entered against Hare, and in favor of Plaintiffs, in the amount of $452.01.  Pursuant to Internal Revenue Code Section 401(a)(13)(C), the Plan shall satisfy this judgment by offsetting Hare's entire account balance in the Plan as of February 25, 2004.  Hare shall be considered a distributed former participant in the Plan as of February 25, 2004, and his account shall not be eligible to participate in the allocation of any future income/expense of the Plan, including the proceeds of the settlement approved by the Court on March 25, 2004 (Doc. 572).

 The captioned cause is hereby TERMINATED upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**IT IS SO ORDERED**.

Dated:   April 9, 2004

         s/Thomas M. Rose
         United States District Judge